UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRESHA ERVIN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SGT. JIM KELLY, et al.,<br><br>　　　　　　Defendants. | CASE NO. C10-5145BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants' 12(b)(1) and 12(b)(6) Motion to Dismiss (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and grants Defendants' motion to dismiss for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 21, 2009, Plaintiff Tresha Ervin ("Ervin") filed a complaint in *Tresha Coleman v. City of University Place, et al.*, C09-5444BHS, against City of University Place, Pierce County, Tacoma Unified School District, Dan Besett, Lillian Ebersole, Cherry Goudeau, and unknown University Place Police Officers. *See* Dkt. 13 at 10-21. On March 4, 2010, Ervin filed the complaint in the above-captioned action against Defendants University Place Police Officers: Sargent Jim Kelly, Denis Banach, Brian Thompson, Dan Hacker, Dennis Robinson, and Doug Shook. Dkt. 1 at 2-3. Both complaints arise out of an alleged unlawful entry into Ervin's home on March 15, 2007

ORDER - 1

and allege violations of 42 U.S.C. § 1983, invasion of privacy, and false imprisonment. Dkt. 1; *see* Dkt. 13 at 10-21. This action was originally before U.S. District Judge Robert J. Bryan but was transferred to the undersigned on June 23, 2010. Dkt. 24.

On May 27, 2010, Defendants filed a motion to dismiss the complaint in this action on the grounds that it is a successive/duplicative suit, Ervin has engaged in impermissible claim splitting, and because Ervin has failed to comply with the Washington claim-filing statute with respect to her state law claims. Dkt. 13. On June 14, 2010, Ervin responded stating that Defendants' motion should be denied and the cases consolidated as she filed the second suit to avoid statute of limitations issues due to difficulty in obtaining the names of the police officers that allegedly entered Ervin's home in March of 2007. Dkt. 16. On June 18, 2010, Defendants replied stating that a consolidation would not solve the issues brought up in their motion to dismiss and again requested that the Court dismiss the suit under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

Defendants argue that Ervin should not be allowed to circumvent the amended pleading rules and statute of limitations issues by filing a second suit. *See generally* Dkt. 20. Specifically, Defendants assert that this action should be dismissed under the first-to-file rule for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. 20 at 2-5. Having considered the two actions, the Court finds that all three factors of the first-to-file rule weigh in favor of dismissing this action. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (applying the first-to-file rule). In *Pacesetter*, the Ninth Circuit stated that courts applying the first-to-file rule should consider the following factors: (1) the chronology of the actions, (2) the similarity of the parties, and (3) the similarity of the issues. *Id*. Here, Ervin's complaint in C09-5444 was filed approximately eight months before the current action, the parties are identical with the exception that the police officers are named in the current action,

ORDER - 2

and the questions of law and fact are identical in the two suits. Thus, the Court concludes that this action is dismissed under Rule 12(b)(1) as the Court lacks jurisdiction over this successive suit.

In her original complaint filed in C09-5444, Ervin named as parties "unknown University Place Police Officers" and then named those individual officers in the instant action before the statute of limitations apparently expired on March 15, 2010. Dkt. 16; *see* Dkt. 1. Although the Court issued a deadline of June 2, 2010, for seeking leave to amend pleadings in C09-5444, the Court will allow Ervin to file a motion for leave to amend her complaint in that action on or before August, 3, 2010.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss this action (Dkt. 13) is **GRANTED**.

DATED this 23rd day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3